UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT A. SOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMNET OF HEALTH AND WELFARE, EAST IDAHO REGIONAL MEDICAL CENTER, PORTNEUF MEDICAL CENTER, ACTING PSYCHIATRIST 1, SCOTT RICHARDS, ACTNG PSYCHIATRIST 2,<br><br>    Defendants. | Case No. 4:18-cv-0064-DCN<br><br>**ORDER** |

The Court has before it Plaintiff Scott Sollis's Complaint (Dkt. 2), Motion for Waiver of Fees (Dkt. 1), and numerous other Motions.[1] Pursuant to 28 U.S.C. section 1915, this Court must review Sollis's in forma pauperis request to determine whether he is entitled to proceed in forma pauperis, which permits a civil litigant to pay the filing fee over time or have the fee waived altogether. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). For the reasons explained below, the Court will DENY the Application and DISMISS this case in its entirety.

---

[1] Sollis has filed a Motion for Preliminary Injunction (Dkt. 3), a Motion for Appointment of Counsel (Dkt. 4), and a Motion for Restraining Order (Dkt. 5).

ORDER – 1

# I. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Here, Sollis has not submitted an In Forma Pauperis Application—or affidavit—as required. He has submitted a handwritten Motion (Dkt. 1) entitled "Motion for Waiver of Fees"; however, this document does not state his income, expenses, or explain his financial situation in any meaningful way.[2] Without proper documentation, the Court cannot make an adequate determination as to Sollis's status and whether it would be appropriate to allow him to proceed in forma pauperis.

When a party fails to provide the necessary documentation, the Court normally sends out notice and allows that party an opportunity to submit the required paperwork.

---

[2] Sollis simply indicates that he has "no reasonable access to money or finances." Dkt. 1, at 1.

In this case, however, the Court already notified Sollis that he needed to provide this information and he failed to act. Specifically, on February 9, 2018, the Court sent Sollis a notice of conditional filing (Dkt. 6) wherein he was told that he needed to submit the appropriate in forma pauperis forms—including a detailed financial affidavit—or his case might be dismissed. Sollis did not file anything. This is an independent reason for dismissal.

As will be explained in the next section, however, there is another reason that the Court must dismiss this case: Sollis failed to sufficiently plead facts sufficient to support a claim for relief. Accordingly, there is no need to ascertain Sollis's financial status, because even if he did provide the appropriate documentation, his Complaint does not survive an initial review.

## II. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of

articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Sollis alleges that the Idaho Department of Health and Welfare "initiated and completed an unnecessary state ordered mental health commitment." Dkt. 2, at 4.[3] Sollis claims that this constitutes being "held against his will" in violation of Due Process. Dkt. 2, at 5.

Sollis further alleges that the named medical providers prescribed him Risperidone—an anti-psychotic medication—and took him off Adderall, which Sollis had been taking to treat ADHD. Sollis claims that this change in medication violated the Equal Protection clause of the 14th Amendment because he was not able to receive "fair and equal medical treatment." Dkt. 2, at 6.

Here, Sollis has not alleged coherent facts to support any claim for relief. What little facts he has alleged do not amount to constitutional violations but appear to amount to disagreements about his commitment and a difference of opinion as to the medications that he was prescribed. Sollis's factual allegations are not sufficient to support Due Process or Equal Protection claims. The Court, therefore, will not permit Sollis to proceed with his Complaint.

---

[3] The Court can only assume that this means that Sollis was civilly committed under Idaho Code 18-211; however, the Court has no way to verify this assumption.

Finally, it does not appear that any set of facts would give rise to either of the alleged constitutional violations. Accordingly, the Court will not give Sollis an opportunity to amend his Complaint. Considering the foregoing, the Court need not address the remaining Motions.

### III. CONCLUSION

Sollis failed to properly file an In Forma Pauperis Application; therefore, his case is subject to dismissal. Additionally, upon review, the Court finds that Sollis cannot state a plausible claim for relief and it must dismiss this case outright.

### IV. ORDER

1. Sollis's Complaint (Dkt. 2) fails to state a claim upon which relief can be granted; therefore, this case must be DISMISSED.

2. All remaining Motions (Dkts. 1, 3, 4, 5) are DISMISSED as MOOT.

3. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: September 21, 2018

_____
David C. Nye
U.S. District Court Judge